**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MELVIN X. LINDSAY,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:11-0893** |
| **v.** | : | |
| **RAYMOND LAWLER, et al.,** | : | **(CALDWELL, D.J.)** **(MANNION, M.J.)** |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court are: (1) a motion for preliminary injunction and temporary restraining order filed by the plaintiff, (Doc. No. 2), and (2) an unopposed motion to dismiss the plaintiff's complaint filed on behalf of defendants Lawler, Jon Fisher, Corbin, Keller, Lovett, Zurybida, Krista Fisher, Bickell, C.M. Cook, and Eckard[2]/[3], (Doc. No. 18)[4].

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2]The defendants' materials indicate that defendant Eckard's name was misspelled "Echard" in the complaint. The proper spelling will be used herein.

[3]The court notes that within his complaint, at page three, the plaintiff named additional defendants, which were neither added to the docket in this case nor served as a result thereof. This same day, an order has been prepared directing the Clerk of Court to add these defendants to the docket and forward the complaint to the U.S. Marshall for service upon those defendants.

[4]Although the motion was filed in the alternative as a motion for summary judgment, the only substantive arguments made are for dismissal (continued...)

By way of relevant background, on May 11, 2011, the plaintiff, an inmate at the State Correctional Institution, Huntingdon, ("SCI-Huntingdon"), Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983 in which he alleges that his constitutional rights are being violated in relation to the denial of parole. (Doc. No. 1). In addition to his complaint, the plaintiff filed the pending motion for preliminary injunction and temporary restraining order, (Doc. No. 2), as well as a prisoner authorization, (Doc. No. 3), supporting memorandum of law, (Doc. No. 4), supporting affidavit, (Doc. No. 24)[5], and motion for leave to proceed *in forma pauperis*, (Doc. No. 5). On May 12, 2011, a financial administrative order was issued directing the superintendent/warden at SCI-Huntingdon to deduct the proper filing fee for the instant action from the plaintiff's inmate account. (Doc. No. 7).

By order dated May 17, 2011, it was directed that process issue. (Doc. No. 8). A waiver of service was filed on June 16, 2011. (Doc. No. 9). When no response to the plaintiff's complaint was provided by the defendants, on September 21, 2011, an order was issued directing the defendants to show cause why default should not be entered in favor of the plaintiff. (Doc. No. 13).

---

[4](...continued)
of the complaint for failure to state a claim upon which relief can be granted. As such, the court considers the motion only as a motion to dismiss.

[5]Although this document was received by the court along with the others filed on May 11, 2011, it was inadvertently never docketed. Upon this discovery, the affidavit was docketed as of the date it was received; hence, the out of order docket number sequence.

On the same day, the defendants filed a motion for extension of time to respond to the complaint, (Doc. No. 14), which was granted, (Doc. No. 15).

After having been granted an additional extension of time to do so, (Doc. No. 17), on November 21, 2011, the defendants filed the pending motion to dismiss the plaintiff's complaint, (Doc. No. 18). A brief in support of the motion was filed on December 23, 2011. (Doc. No. 22). As of the date of this report, the plaintiff has failed to file a brief in opposition to the defendants' motion[6]. The motion will, however, be reviewed in accordance with the provisions of Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

In his complaint, the plaintiff alleges that " . . . for the last 14 plus years he has been arbitrarily, capriciously, and fraudulently denied adequate, proper and fair consideration for parole and ultimately denied parole based upon a mistaken view of the law, and because of amendments and changes in the Pennsylvania Department of Correction (sic) (PDOC) & Pennsylvania Board of Probation and Parole's (PBPP) rules, regulations, policies and statutes applied retroactively to the plaintiff has disadvantaged him."

The plaintiff alleges that he was arrested in 1983 on charges of rape and tried as an adult. The plaintiff was convicted and sentenced to three to six years of incarceration to be followed by two years of probation. The plaintiff's

---

[6]The court notes that on January 3, 2012, the plaintiff filed a "Declaration" in which the only matter raised relates to the calculation of the plaintiff's sentence by the Department of Corrections, a matter which is unrelated to the instant action or currently pending motions. (Doc. No. 23).

maximum sentence was to expire in 1989. The plaintiff alleges that he served to his maximum date.

Although not alleged, the plaintiff was apparently convicted of another crime for which he is now incarcerated. The plaintiff claims that he is currently serving an aggregate fifteen year, three month to thirty-six year sentence. While serving this sentence, in 1995, the plaintiff alleges that he was approved for placement in a Community Corrections Center, only to have the approval rescinded just prior to his release ". . . on the basis of amendments and changes to PDOC & PBPP policies and because of the uncertainty of the prospects of parole for inmates convicted of sex offenses."

The plaintiff alleges that he was subsequently denied parole in October 1996, August 1998, and January 2000.

In February 2001, the plaintiff alleges that officials at SCI-Waynesburg, Pennsylvania, denied him the institution's support for parole "because plaintiff would not admit guilt and participate in the SOTP [sexual offenders treatment program]." He alleges that he was later denied parole in April 2001.

In May 2003, the plaintiff alleges that he was denied parole ". . . because [he] would not admit guilt and participate in the SOTP."

The plaintiff alleges that he was again denied parole in August 2004 and February 2006.

According to the complaint, in June 2009, the plaintiff was interviewed for parole, but that the interview was terminated within five minutes because

he would not admit his guilt to a sex offense and participate in the SOTP. That same month, the plaintiff alleges that he was denied parole.

On April 14, 2011, the plaintiff alleges that he submitted a request to defendant Lovett, along with a copy of the opinion rendered in Louis Mickens-Thomas v. Vaughn, 407 Fed.Appx. 597 (3d Cir. 2011) (holding that petitioner was entitled to unconditional habeas corpus relief, based on parole board's willful failure to comply with court's mandate not to consider, in ruling on petitioner's re-parole application, factors found to be violative of the *ex post facto* prohibition), and requested to have removed from his file the recommendation that he participate in the SOTP because it was not applicable to him because he was not convicted of any offense enumerated in 42 Pa.C.S. §9718.1(a). In addition, the plaintiff indicated that the presentence reports did not reflect that he had a mental health problem or the need for a SOTP. The plaintiff argued that any application of the program to him would be an *ex post facto* violation, as well as a violation of his right to due process and equal protection. The plaintiff alleges that defendant Lovett responded that he did not have the authority to have the SOTP removed from the plaintiff's file. Later that day, the plaintiff alleges that he was informed that he would not get the institution's support for parole because he would not admit guilt and participate in the SOTP.

Based upon the above allegations, the plaintiff is seeking declaratory and injunctive relief, as well as compensatory and punitive damages. The

moving defendants are the following current or former employees at SCI-Huntingdon: Superintendent Tabb Bickell; former Superintendent Raymond Lawler; Deputy Superintendent Brian Corbin; Deputy Superintendent James Eckard; Program Director Joseph Keller; Counselor Arvil Lovett; Psychological Services Specialist Krista Fisher; and Unit Manager Christopher Cook. In addition, the moving defendants include John Fisher, Superintendent at SCI-Smithfield, Pennsylvania.

In response to the allegations set forth in the plaintiff's complaint, the defendants have submitted the instant motion to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of a complaint. In deciding a motion to dismiss, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). The court also need not accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

A viable complaint must include "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atlantic Corp. v. Twombly, supra and providing further guidance on the standard set forth therein).

In their motion to dismiss, the moving defendants argue that the plaintiff's complaint should be dismissed with respect to defendants Superintendent Bickell, Superintendent Lawler, Deputy Superintendent Corbin, Deputy Superintendent Eckard, Program Director Keller and Superintendent John Fisher because the plaintiff has failed to set forth any allegations of personal involvement on behalf of these defendants. (Doc. No. 22, p. 8).

To state a claim under §1983, the plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). Moreover, liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful

conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(citing Rhode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Relief cannot be granted against a defendant pursuant to §1983 based solely on the theory of *respondeat superior* or the fact that the defendant was the supervisor or superior of the person whose conduct actually deprived the plaintiff of one of his federally protected rights under color of state law. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976); Goode v. Rizzo, 506 F.2d 542, 550 (3d Cir. 1974), rev'd on other grounds, Rizzo v. Goode, 423 U.S. 362 (1976).

With respect to the above defendants, other than naming them in the caption of his complaint, the plaintiff has failed to set forth any allegations against them which would indicate that they are liable for any alleged violation of the plaintiff's constitutional rights. Moreover, in light of their positions, it is apparent that the plaintiff is attempting to hold these defendants liable on the basis of a *respondeat superior* theory which he cannot do. In light of the foregoing, the defendants' motion to dismiss the plaintiff's complaint should be granted[7].

---

[7]Although the court recognizes that in civil rights *pro se* cases, a plaintiff should often be afforded an opportunity to amend his complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote (continued...)

Moreover, the moving defendants argue that the plaintiff's complaint should be dismissed with respect to defendants Specialist Fisher, Counselor Lovett and Unit Manager Cook because the actions alleged with respect to these defendants fail to rise to the level of a constitutional violation. Specifically, the defendants argue that the plaintiff alleges that, in August or September 2008, defendant Specialist Fisher terminated an interview with the plaintiff and made a recommendation with regard to a sex offender program for him. On April 14, 2011, the plaintiff alleges that he submitted a request slip to defendant Lovett requesting that the recommendation that he participate in a sex offender treatment program be removed from his prescriptive program plan and that defendant Lovett responded by stating that he did not have the authority to do so. On the same day, the plaintiff alleges that he was interviewed by defendants Cook and Lovett at which time defendant Cook told him that he would not get the institution's support for parole because he refused to admit guilt and participate in a sex offender program.

---

[7](...continued)
Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), in this case such an allowance would be futile, see Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this regard, the only substantive claims raised in the plaintiff's complaint relate to the denial of parole. The only proper defendants, therefore, would be the members of the Board of Probation and Parole who have the ultimate discretionary authority to deny parole. As such, it would be futile to allow the plaintiff to amend his complaint with respect to the DOC officials who there is no indication played any role in the plaintiff's parole adjudications.

None of these claims against defendants Fisher, Lovett and Cook rise to the level of a constitutional violation. Moreover, as indicated with respect to the above individuals, there is no indication that defendants Specialist Fisher, Lovett or Cook were in any way substantively involved in the adjudication of the plaintiff's parole, as such discretionary authority rests with the Board of Probation and Parole members.

Further, in their motion to dismiss, the moving defendants argue that any claims regarding parole decisions or actions taken before May 2009 should be dismissed as being barred by the applicable statute of limitations. (Doc. No. 22, p. 6).

The plaintiff's complaint challenges parole denials between 1996 and 2009. It is well-settled that claims brought pursuant to §1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S.A. §5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Aameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

While the plaintiff challenges parole denials dating back to 1996, he did not file his complaint until May 2011. Application of the two-year statute of

limitations compels the dismissal of any claims which pre-date May 2009[8]. Therefore, the defendants' motion to dismiss should be granted on this basis as well.

With respect to the plaintiff's motion for preliminary injunction and temporary restraining order, although worded slightly differently, the plaintiff is seeking the same relief in his motion that he is seeking in his complaint, (i.e., that the defendants not require him to participate in the SOTP and/or admit to his guilt of sex offenses and that the defendants be directed to apply the parole guidelines, rules, and regulations were in place at the time of his conviction).

The Supreme Court has instructed that the tool of the preliminary injunction should be reserved for "extraordinary" situations. Sampson v. Murray, 415 U.S. 61, 88, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). In following that instruction, the Third Circuit has held that the granting of injunctive relief is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. Warner Bros. Pictures v. Gittone, 110 F.2d 292

---

[8]There is no indication that the continuing violations doctrine set forth in West v. Philadelphia Elec. Co., 45 F.3d 744 (3d Cir. 1995), is applicable in this action. The controlling consideration relating to this doctrine is whether the alleged act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his rights. Id. at 755. See also Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001). The plaintiff's allegations that his constitutional rights were violated when his parole was denied in 1996 speaks definitively to this issue. Therefore, the straightforward two-year statute of limitations should apply in this case.

(3d Cir. 1940). The Third Circuit has insisted that "the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." Adams v. Freedom Forge Corporation, 204 F.3d 475 (3d Cir. 2000) (citing Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992); Frank's GMC Truck Center, 847 F.2d 100, 102-03 (3d Cir. 1988)).

In considering a motion for injunctive relief, the court must consider: (1) whether the movant has shown probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Brian B. v. Commonwealth, 230 F.3d 582 (3d Cir. 2000). The plaintiff must demonstrate each of the four (4) elements to be entitled to preliminary injunctive relief. See Skehan v. Board of Trustees, 353 F.Supp. 542, 543 (M.D.Pa. 1973) (Muir, J.).

In considering the plaintiff's motion for injunctive relief, there is no indication that the plaintiff will suffer irreparable harm if an injunction is not granted. In fact, the plaintiff has simply re-alleged the claims set forth in his complaint and requests the same relief. These claims will be handled in due course by the court. The plaintiff has failed to demonstrate that a decision on the merits of the claims set forth in his complaint will not adequately remedy

his claims. Therefore, the plaintiff's motion for injunctive relief should be denied on this basis.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the defendant's motion to dismiss the plaintiff's complaint, **(Doc. No. 18)**, be **GRANTED** to the extent set forth above and the plaintiff's complaint be dismissed with respect to the moving defendants; and

**(2)** the plaintiff's motion for a preliminary injunction and temporary restraining order, **(Doc. No. 2)**, be **DENIED**.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: January 23, 2012**

O:\shared\REPORTS\2011 Reports\11-0893-01.wpd